**Zella J. MARTIN, Petitioner,**

v.

**DEPARTMENT OF AGRICULTURE, Respondent.**

**No. 01–3283.**

United States Court of Appeals, Federal Circuit.

DECIDED: Nov. 25, 2002.

Before CLEVENGER, Circuit Judge, ARCHER, Senior Circuit Judge, and BRYSON, Circuit Judge.

## DECISION

BRYSON, Circuit Judge.

Petitioner Zella J. Martin appeals from an order of the Merit Systems Protection Board, Docket No. CH–0752–01–0080–I–1, dismissing for lack of jurisdiction her appeal from an asserted involuntary disability retirement. We *vacate* the Board's dismissal order and *remand* for further proceedings.

## BACKGROUND

Ms. Martin was a Community Development Assistant in the Scottsburg, Indiana, field office of the Department of Agriculture, where she had worked for more than 19 years. In May 1997, her supervisor conducted a review of her work and found it to be unsatisfactory. On October 17, 1997, Ms. Martin received an unsatisfactory performance rating for the prior 12–month period and was placed on a 90–day Opportunity to Improve Plan for unsatisfactory performance of one of the critical elements of her position, loan processing. At that time, her supervisor relieved Ms. Martin of her duties involving loan servicing so that she could focus on her loan processing duties.

On October 29, 1997, Ms. Martin requested leave for her "state of depression." She stated that she felt harassed and discriminated against, and that she was medically disabled by stress, anxiety, and depression. Some time later, while still on extended leave, Ms. Martin applied for disability retirement. Her disability retirement application was approved on May 7, 1998, retroactive to March 10, 1998, the date of her separation from the agency.

Prior to the approval of her retirement application, Ms. Martin filed an administrative complaint with the agency, contending that she had been discriminated against on various grounds and had been coerced into taking disability retirement. After the agency rejected her claim, she filed an appeal with the Board. In her Board action, she contended that she had been forced to take disability retirement because of the agency's refusal to accommodate her disability. Accordingly, she argued, her retirement was involuntary and she was entitled to be reinstated to her position.

The administrative judge assigned to the case ruled that Ms. Martin had failed to make a nonfrivolous allegation of jurisdiction and thus was not entitled to a hearing on her involuntary retirement claim. The administrative judge therefore dismissed Ms. Martin's appeal for lack of jurisdiction. In particular, the administrative judge concluded that Ms. Martin had failed to indicate to the agency "that she was seeking to continue work with an accommodation for her disability," and that she had failed to make the agency "aware of her willingness to continue working with some form of accommodation, rather than seeking disability retirement."

In her petition for review to this court, Ms. Martin contends that her allegations were sufficient to give the Board jurisdiction over her involuntary retirement claim and to entitle her to a hearing on her claim.

## DISCUSSION

The administrative judge correctly stated the legal test for assessing a claim of involuntary disability retirement. As the administrative judge noted, retirements are presumed to be voluntary and thus outside the Board's jurisdiction. In order to establish a claim of involuntary disabili-

ty retirement, the claimant must prove that (1) after the onset of her disability and prior to her separation, she requested altered duties or working conditions, or indicated to the agency that she wished to continue working with a modification of her working conditions or duties; (2) there was a reasonable accommodation available prior to the date of her separation, either at or below her grade level, that would have allowed her to continue her employment; and (3) the agency did not provide her that accommodation. *See Okleson v. United States Postal Serv.,* 90 M.S.P.R. 415, 421–22 (2001); *Timinski v. Dep't of Agric.,* 88 M.S.P.R. 559, 562–64 (2001); *As'Salaam v. United States Postal Serv.,* 85 M.S.P.R. 76, 89–91 (2000). A reasonable accommodation is a change in the working environment that enables the employee to continue to perform her job without interfering with the agency's mission. The employee, however, must be able, with an accommodation, to perform all the duties of her position or an alternative, available position. An agency is not required to accommodate a disabled employee by permanently assigning her to light-duty tasks when those tasks do not comprise a complete and separate position. *See Mengine v. United States Postal Serv.,* 82 M.S.P.R. 123, 127–28 (1999).

The question before the administrative judge was whether Ms. Martin had made sufficient nonfrivolous allegations to entitle her to a hearing on the jurisdictional issue. The administrative judge held that she had not, because she had failed adequately to allege that she "communicated to the agency any desire to keep working with an accommodation, including a reassignment, rather than applying for disability retirement."

It is unclear to us why the administrative judge did not consider Ms. Martin's submissions to the Board to constitute

nonfrivolous allegations that she had expressed a desire to continue working with an accommodation for her claimed disability. The administrative judge acknowledged that at the time Ms. Martin stopped working, she had asserted that she "felt harassed and discriminated against on the basis of her disability (stress, anxiety, depression disorder)." Moreover, Ms. Martin's allegation that she expressed a desire to continue working despite her disability was not limited to telling her supervisor some time after January 1998 that she wished to continue working until age 65. Rather, she asserted in her submission to the Board that during the months immediately before she left the workplace on extended leave she requested a transfer to a "less stressful office" and suggested that the office duties be realigned "so as to make the office function more smoothly," requests that she characterized in her submission as suggestions that "would have reasonably accommodated [her] condition." Indeed, a request for a transfer would seem to indicate a desire to continue working, rather than to retire, and a suggestion as to how the office could be restructured likewise would seem to indicate a desire to continue her employment. The government's brief is unhelpful in explaining why Ms. Martin's statements were not sufficient to constitute requests for an accommodation and expressions of a desire to continue working. Because it is unclear to us why the administrative judge regarded those statements as legally insufficient, we remand this case to the Board for a more complete explanation of why the administrative judge regarded those statements as inadequate.

In light of the issue on which she disposed of the case, the administrative judge did not find it necessary to address whether there was an available accommodation that could have been made for Ms. Martin's disability, either in the form of a transfer to another office or another position, or a change in the manner in which she performed the duties of the position she occupied. On remand, the administrative judge may wish to explore that issue as well. If, upon reexamination of Ms. Martin's allegations in light of this opinion, the administrative judge concludes that Ms. Martin's has successfully raised nonfrivolous allegations as to each of the elements of a claim of involuntary disability retirement, the administrative judge should hold an evidentiary hearing on Ms. Martin's claim and determine whether she has met her burden of establishing, by a preponderance of the evidence, all the elements of an involuntary disability retirement claim.

ARCHER, Senior Judge, Dissenting.

I would affirm the administrative judge's ("AJ") decision on the administrative record before us because Martin did not communicate to the Department of Agriculture ("the agency") that she wished to continue working *despite* her disability.

When an employee claims that her disability retirement was involuntary, the employee must show that she requested accommodation for her disability. *See Nordhoff v. Dep't of the Navy,* 78 M.S.P.R. 88, 91 (1998), *aff'd* 185 F.3d 886 (Fed.Cir. 1999) (table). The majority states that Martin's "request for a transfer would seem to indicate a desire to continue working, rather than to retire, and [her] suggestion as to how the office could be restructured likewise would seem to indicate a desire to continue her employment." *Supra* at 134. The implication being that both of these actions, on their face, are sufficient to constitute a request for an accommodation and are expressions of a desire to continue working despite her disability.

Martin first told the agency that she believed she was disabled on December 8, 1997, when she requested disability retirement. This was at least two months after she made her comments to the agency (following her October performance review) regarding a request for transfer or suggestions for a change in the duties of the office to reduce her stress level. Requesting a transfer or offering suggestions to modify her duties two months before she claimed disability does not provide the agency with the requisite notice that she wished to continue working despite a *disability*.

Moreover, in response to the AJ's Order to Show Cause as to why the Board had jurisdiction over this case, Martin was represented by counsel and stated only that her comment that she wished to work until she was 65 met the notice requirement. Thus, Martin concedes that her "notice" to the agency was merely this statement and not her request for transfer or anything else. Because there is no evidence this statement was made in the context of discussing her disability, I believe that this statement is woefully inadequate to put the agency on notice that she wanted to keep working despite her disability.

I agree with the majority's statement that the threshold is low for demonstrating a nonfrivolous allegation of jurisdiction. However, I cannot agree that such a low bar was met in this instance, given that Martin's statements made to the agency were not made in conjunction with notice of her disability. Therefore, I believe the administrative judge correctly concluded that Martin failed to indicate to the agency "that she was seeking to continue work with an accommodation for her disability" and she failed to make the agency "aware of her willingness to continue working with some form of accommodation, rather than seeking disability retirement." For these reasons, I respectfully dissent.